Oldiiam, J. The deed of gift from Thomas George to his daughter, Mrs. Ilaynes, conveyed the absolute property in the slave mentioned. There is not an expression contained in the deed which will warrant the conclusion that the grantor intended to convey a life estate with remainder over to the heirs. The words, “her heirs forever,” used in the deed, so far from limiting the title of the grantee to a life estate, are, at common law, essential to the creation of a fee simple estate.in lands; a deed without these words would convey but a life estate. All the questions that can arise upon the construction of the deed of gift under consideration, were fully settled by this court in Moody vs. Walker, 3 Ark. R. 147. Mrs. Haynes, while sole, had the absolute title to the slave, and upon her marriage the property, upon being reduced to his possession, vested in the husband, and upon his death the title vested in the administrator by law, subject to the marital rights of the widow. The second, Ihird, fourth, fifth, sixth and seventh instructions are correct in point of law, and should have been given to the jury by the court. The deed of trust executed by Haynes in his life time to Parks, to secure the payment of the money specified therein, tended neither directly nor indirectly to prove the defendants not guilty of the trover and conversion charged in the declaration. The deed, it is true, created a lien upon the slaves, but it specified the manner in which the lien was to be enforced. Because one man may have a mortgage or deed of trust upon my property, it does not justify another in depriving me of the possession of the property and in selling it for his own use. A subsequent discharge of the lien by the trespasser will not protect him from the consequences of the trespass. It might be a good defence against the mortgagee in an action brought by him. for the deprivation of his lien by the illegal removal of the mortgaged property. The deed of trust was therefore improperly admitted as evidence, and having been admitted the eighth instruction was erroneously refused. The qualification under which the thirteenth instruction was given is not according to law. In Stephens vs. Elwall, 4 M. & S. 259; Lord Ellenboeougii said, “ By law a person is guilty of conversion who intermeddles with my property and disposes of it, and it is no answer that he acted under the authority of another, who himself had no authority to dispose of it.” See, also, Perkins vs. Smith, 1 Willes, 328. Trover is a concurrent remedy with trespass. 1 Arch. Pr. 451. It is no defence to a trespasser that he acted under the direction of one who is himself a trespasser. Reversed.